UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LPLW, LLC,<br><br>        Defendant. | Case No. 21-cv-04132-RS<br><br>**ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF** |

Plaintiff has filed a "Motion for Administrative Relief" seeking an order compelling defendant "to provide three dates of availability before May 30, 2022 to conduct the settlement meeting via videoconference as required by General Order 56, Para 8." Plaintiff also seeks an award of attorney fees incurred in bringing the motion. Defendant's opposition asserts the parties should have entered into a "standstill agreement" pending resolution of a complaint filed in state court by the district attorneys of San Francisco and Los Angeles against plaintiff's attorneys, which alleges they are engaged in abusive and fraudulent practices through the filing of hundreds of actions like this one.[1] The opposition states defendant is categorically unwilling to settle at this

---

[1] Among other things, the district attorneys allege Potter Handy is using the federal courts to avoid anti-abuse provisions the California Legislature has imposed on parallel claims under state law. Generally, it is not a valid complaint that different or broader relief is available in federal court than in state court. To the extent that the heart of the claim is that Potter Handy is now abusing the federal courts, it is unclear if the state court system is well-equipped to evaluate that issue or to impose any appropriate remedies. Furthermore, this district has promulgated General Order 56 to provide at least some procedural safeguards against abuse similar to those provided by statute in the state courts. None of this is to suggest, however, that if the district attorneys prove their factual

juncture, given the circumstances, and requests sanctions against plaintiff for having refused to enter a standstill agreement.

In enacting the Americans with Disabilities Act, Congress appears to have intended there to be robust enforcement efforts by private plaintiffs. Congress, of course, can be presumed *not* to have intended abusive practices to become prevalent. The court is aware that this plaintiff, and a few others also represented by the Potter Handy firm, have filed a large number of cases similar to this one in this district and elsewhere in recent times, and the court was aware from news reports of the action filed by the district attorneys. If even a substantial part of the allegations made by the district attorneys are true, Potter Handy has crossed the line between vigorous private enforcement and abuse. This court, however, has had no occasion to evaluate that question. This court has seen only that a large number of Potter Handy cases have been filed, and then dismissed with little court involvement. Standing alone, that fact could suggest that the system is working well—the Congressional intent for robust private enforcement is resulting in improved access at many small places of business, and General Order 56 is streamlining the litigation and keeping attorney fees in check. Alternatively, the large number of cases, their apparent "boilerplate" nature, and at least some hints of implausibility in the allegations, could suggest abuse and an imbalance that is not serving the goals of the ADA.

Plaintiff's motion to compel defendant to provide dates for the General Order 56 settlement conference is denied, because it is apparent that such a conference would be a non-productive formality at this juncture. Defendant is advised, however, that if it wishes to be relieved from any further requirements of General Order 56, it must file a motion. Its unilateral decision not to participate in a settlement conference was improper. Plaintiff may file its notice of need for mediation at any time.

The parties' cross-requests for attorney fees are denied. Not only is neither request warranted under the circumstances, they also do not comply with Civil Local Rule 7-8.

---

allegations there can be no remedy under state law.

1    **IT IS SO ORDERED**.

3    Dated: May 10, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 21-cv-04132-RS

3