United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>       Plaintiff,<br><br>   v.<br><br>LPLW, LLC,<br><br>       Defendant. | Case No. 21-cv-04132-RS<br><br>**ORDER DENYING STAY AND REQUIRING PLAINTIFF TO SHOW CAUSE** |

    Plaintiff Scott Johnson brings this action under the Americans with Disabilities Act, alleging that he encountered unlawful barriers at places of business operated by defendant. Johnson is represented by The Center for Disability Access, which bills itself as a "division" of Potter Handy, LLP. Defendant moves for a stay of initial disclosure and other discovery-related requirements of General Order 56 pending resolution of *People of the State of California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022). In the alternative, defendant seeks an order (1) directing Johnson and his counsel each to submit sworn declarations substantiating the jurisdictional allegations as to Johnson's intent to return to defendant's places of business, (2) directing Johnson to provide details supporting his allegations that he visited the places of business, and (3) staying all other activity in this case pending the court's receipt and review of such declarations.

    Johnson filed a tardy opposition to the motion, contending a stay pending the outcome of *People v. Potter Handy* would be improper, but failing to address the other relief sought by

defendants. While a stay based on the state court action against Potter Handy would not have been warranted in any event, that case has now been dismissed.

Although an extended or indefinite stay is not appropriate, Johnson is ordered to file papers by October 1, 2022, showing cause why the court should not decline to exercise jurisdiction over his Unruh Act claim, under the principles discussed in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). *See also Johnson v. Constantia Capital Limited, et al.*, 22-cv-01456-RS (N.D. Cal. August 30, 2022).

Additionally, with respect to defendant's request that Johnson and his counsel be required to provide declarations to support the allegations of the complaint, the ordinary presumption is that counsel has complied with their obligations under Rule 11 of the Federal Rules of Civil Procedure, and that a defendant who wants to test the allegations of the complaint and/or gather additional information must do so in the discovery process. Under all the circumstances here, however, Johnson's October 1, 2022, response should either include such declarations or show cause why they should not be required or cannot be provided.

**IT IS SO ORDERED**.

Dated: September 12, 2022

_____
RICHARD SEEBORG
Chief United States District Judge